IN THE OREGON TAX COURT
REGULAR DIVISION

ZRZ PROPERTIES, LLC,
*Petitioner,*

*v.*

CITY OF PORTLAND,
*Respondent,*

*v.*

OREGON HEALTH AND SCIENCE UNIVERSITY
and RIVER CAMPUS INVESTORS, LLC,
*Intervenors.*

(TC 4701)

Edward H. Trompke and Christopher L. Reive, Jordan Schrader, P.C., Portland, filed the response for the Petitioner (taxpayer).

Mark Moline, Senior Deputy City Attorney, City of Portland, filed the motion for Respondent (the city).

A response was not filed by Intervenors (OHSU).

Decision rendered May 10, 2005.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

This matter is before the court on a motion to dismiss filed by Respondent City of Portland (the city). Petitioner (taxpayer) filed a response and Intervenors were silent on this matter.

## II. FACTS

At issue in this case are assessments contemplated by Ordinance No. 178675 (the ordinance), adopted by the city on August 18, 2004. In Finding No. 15 of the ordinance, the city stated, "Local improvement district assessments are an incurred charge and are not subject to the property tax limitation established by Article XI, section 11b of the Oregon Constitution [Measure 5]." The ordinance further directed that "[p]roperties shall be assessed on a square footage basis * * *." One of the exhibits to the ordinance was a list of properties subject to assessments, on which were properties shown as owned by taxpayer. On October 14, 2004, taxpayer filed a petition with the court. In that petition, taxpayer requested

"an order declaring the means and methods available to Petitioner to control or avoid the charge or assessment set forth in the Ordinance, or in the alternative, revising respondent City's categorization of the assessment and

declaring that the charge or assessment does not fall within the category of taxes referred to as incurred charges within the meaning of Article XI, section 11b, of the Oregon Constitution."

Taxpayer also indicated that it had filed a similar action in the circuit court.

The city and taxpayer (the parties) agree that the city has attempted to amend the ordinance by passing Ordinance No. 179009 (the amended ordinance) on December 22, 2004. The amended ordinance states that Finding No. 15 of the ordinance is amended to state, "Assessments for local improvements are not subject to the property tax limitation established by Article XI, Section 11b of the Oregon Constitution. Pursuant to City Code, assessments for this local improvement district will be imposed by a separate and subsequent ordinance."

Subsequent to the passage of the amended ordinance, the city filed a motion to dismiss. This matter is before the court on that motion.

### III. ISSUE

Should the court dismiss taxpayer's complaint?

### IV. ANALYSIS

In asserting that the court should dismiss taxpayer's complaint, the city makes three arguments: (1) the court lacks subject matter jurisdiction under ORS 305.583,[1] for the reason that the ordinance does not impose a tax, fee, charge, or assessment and, therefore, taxpayer is not an "interested taxpayer"; (2) the city's enactment of the amended ordinance renders this matter moot; and (3) this court should dismiss taxpayer's petition because another action involving the parties in this matter is pending in the circuit court. The court takes those arguments in turn.

---

[1] All references to the Oregon Revised Statutes (ORS) are to the 2003 edition.

## A. *"Interested Taxpayer"*

The city asserts that the court lacks subject matter jurisdiction because taxpayer is not an "interested taxpayer" within the meaning of ORS 305.583. The city argues that ORS 305.583 creates a context in which an "interested taxpayer" may only appeal in situations in which a governmental unit has actually imposed—*i.e.*, levied—a tax, fee, charge, or assessment. The city bases that argument on two components of ORS 305.583. First, the city directs the court's attention to ORS 305.583(1), which states that an " 'interested taxpayer' means a person that is subject to the tax, fee, charge or assessment in question." Here the city argues that the city has not actually subjected taxpayer to a tax, fee, charge, or assessment because the ordinance does not impose a tax.[2] Second, the city highlights the procedural aspects of ORS 305.583 that describe how and when an "interested taxpayer" perfects an appeal in the tax court. In particular, the city directs the court's attention to the following language:

"(2) The petition shall be filed and perfected in the following manner only:

"(a) * * * The petition shall name as respondent the government unit that *imposes* the tax, fee, charge, or assessment * * *.

"* * * * *

"(3)(a) * * * in the case of a question regarding the effect of the limits of section 11b, Article XI of the Oregon Constitution, on any tax, fee, charge or assessment that is *imposed* under a resolution or ordinance approved by the governing body of a local government unit, the petition shall be filed within 60 days after the action of the governing body approving the ordinance or resolution, adopting a new ordinance or resolution or changing an existing ordinance or resolution under which the tax, fee, charge or assessment is *imposed*, if the resolution or ordinance

---

[2] The city asserts that, pursuant to city code, it must pass separate ordinances for the formation of a local improvement district and for the imposition of a tax, fee, charge, or assessment related to the local improvement district. Taxpayer does not challenge that assertion and it appears that the parties agree that the ordinance does not create, without more, a liability for payment of a tax, fee, charge, or assessment.

includes a classification of the tax, fee, charge or assessment as subject to or not subject to section 11 or 11b, Article XI or the Oregon Constitution. If the local government unit has not classified the tax, fee, charge or assessment, the petition shall be filed within 60 days after the latter of:

"(A) The last date, but no later than November 15, that the tax statements were mailed for the tax year in which the tax, fee, charge or assessment was imposed; or

"(B) The date of imposition of the tax, fee, charge or assessment on the petitioner.

"(b) If the local government unit adopts an ordinance or resolution classifying all or any of the taxes, fees, charges or assessments it *imposes* as subject to or not subject to section 11 or 11b, Article XI or the Oregon Constitution, as described in ORS 310.145, the petition shall be filed within 60 days after the government body adopts the ordinance or resolution."

(Emphasis supplied by the city.)

The court finds that the provisions of ORS 305.583 lead to an opposite conclusion. ORS 305.583(3)(a), (3)(b), and (4)[3] describe situations in which appeals must be filed within 60 days of certain classifications or notice of certain characterizations. In ORS 305.583(3)(a) that requirement exists when an ordinance is adopted "under which" a tax, fee, charge, or assessment is imposed and the ordinance classifies the tax fee, charge, or assessment as either subject to or not subject to Measure 5. ORS 305.583(3)(b) appears to apply when a local government classifies existing or previously adopted taxes, fees, charges, or assessments as being either subject to or not subject to Measure 5. In that case, a petition must be filed within 60 days of the adoption of the general

---

[3] ORS 305.583(4) provides:

"In the case of a question concerning any tax, fee, charge or assessment that is characterized by the local government unit as an assessment for local improvements, the petition shall be filed within 60 days after the local government unit gives notice of its intention to characterize the charge as an assessment for local improvements. Notice may be given to affected property owners by the local government unit either when a local improvement district is formed, in a notice of intent to assess given by the local government unit or by other individual notice prior to assessment. Notice shall be given no later than the date the assessment is imposed. Notice given as provided under this subsection is in lieu of the notice required under subsection (8) of this section."

classification ordinance under ORS 310.145.[4] Finally, in the case of a characterization of an assessment as one for local improvements, ORS 305.583(4) requires a petition be filed within 60 days of notification by the government of its intent to characterize the assessment as one for local improvements. That notice can come at several points in time but cannot be later than the date of the imposition of the tax.

■ Each of those statutory rules contemplates that petitions seeking Measure 5 determinations can occur before the levy of a tax assessment or other charge and must occur where the local government makes the specified type of classification or characterization. In this case the ordinance is one that classifies the assessments that will be made under it. Even if the city will enact some later implementing ordinance or take some later action, taxpayer is permitted to file a petition as they did. Taxpayer was not required to wait until the city took further action and run the risk that it was time barred by not filing within the 60 day time frame set out in ORS 305.583.

B. *Mootness*

■ The city asserts that this matter has been rendered moot by the city's passage of the amended ordinance. The parties agree, however, that the issue of whether the city lawfully enacted the amended ordinance is currently before the circuit court. If the circuit court determines that the amended ordinance was not legally enacted, this matter, arising as it does under the original ordinance, is not moot if

---

[4] ORS 310.145 provides, in pertinent part:

"Each unit of local government that imposes a tax, fee, charge or assessment may adopt an ordinance or resolution classifying all or any of the taxes, fees, charges and assessments it imposes as being in one or more of the following categories:

"* * * * *

"(b) Incurred charges.

"(c) Assessments for local improvements.

"* * * * *

"(2) An ordinance or resolution adopted under this section shall serve as notice of classification of taxes, fees, charges and assessments for purposes of ORS 305.580 to 305.591."

the original ordinance is revived. The court concludes, therefore, that the city's motion to dismiss on the grounds that the presence of the amended ordinance renders this matter moot is denied. In the event that the circuit court determines that the city lawfully enacted the amended ordinance, however, the city may renew its motion to dismiss on this basis.

## C. *Another Action Pending*

■ Closely related to the above discussion of mootness is the city's assertion that this court lacks jurisdiction because another action is pending in the circuit court between the same parties for the same cause. TCR 21 A. The city's argument is not well taken. As quoted above, taxpayer has requested an order declaring the ability of taxpayer to avoid the requirements of the ordinance or, in the alternative, revising the classification stated in the ordinance. The nature of taxpayer's requested relief necessarily requires a court to determine whether the ordinance comports with Measure 5. The tax court has exclusive jurisdiction over that determination under ORS 305.580; thus, the action pending in the circuit court cannot be for the same cause. The court concludes, therefore, that the city's motion to dismiss on the basis that this court lacks jurisdiction because another action is pending between the same parties for the same cause is denied.

## V. CONCLUSION

Based on the foregoing, the court concludes that ORS 305.583 does not bar taxpayer from appealing the ordinance on the basis that the ordinance is a classification ordinance passed in the absence of an ordinance that imposes a tax, fee, charge, or assessment. The court also concludes that this matter is not moot absent a determination by the circuit court that the amended ordinance has been lawfully enacted. Finally, if the circuit court determines that the city did not properly enact the amended ordinance, this court concludes that it may determine whether the ordinance is affected by the limitations in Measure 5. Now, therefore,

IT IS ORDERED that Respondent City of Portland's Rule 21 Motions against Petitioner's Petitions to Determine Effect of Tax Limitation are denied, with leave to renew on

the question of mootness following disposition of the separate proceeding on the effect of the amended ordinance.